Not for Publication

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID CARLOR,<br>*Plaintiff,*<br>v.<br>BANK of AMERICA/MERRILL LYNCH AND JOHN/JANE DOES A THROUGH D,<br>*Defendant.* | Civil Action No. 18-15047<br>(JMV) (MF)<br><br>**OPINION** |

## JOHN MICHAEL VAZQUEZ, U.S.D.J.

This case comes before the Court on a motion to dismiss, D.E. 4, filed by Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Defendant," "Merrill Lynch," or "Firm") to dismiss Plaintiff David Carlor's Complaint alleging employment discrimination based on race, D.E. 1. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII") and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq.* ("LAD"). Defendant moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendant's motion to dismiss, D.E. 4, is **GRANTED**.

---

[1] Defendant's brief in support of its motion, D.E. 4-1, is referred to as "Defendant's Brief" or "Def. Br." Plaintiff's brief in opposition, D.E. 7, is referred to as "Opposition" or "Opp." Defendant's reply brief, D.E. 8, is referred to as "Reply Brief" or "Reply Br."

## I. BACKGROUND[2]

Plaintiff is an African-American male from New Jersey. D.E. 1 ("Compl.") ¶¶ 1, 14. Plaintiff worked for Defendant in Teaneck, New Jersey for approximately 35 months. *Id.* ¶¶ 3, 14, 16. Defendant was hired on November 11, 2014 and worked first as a Corporate Recruiter, until he transferred to the position of Financial Solutions Advisor, which he continued until his termination on October 6, 2017. *Id.* ¶ 4-5. Plaintiff claims that he exhibited exemplary performance until his termination. *Id.* ¶ 17.

Plaintiff was terminated via a letter from the Financial Industry Regulatory Authority (FINRA) for "attempting to send client information to a personal email address outside the Firm." *Id.* ¶ 18. Plaintiff claims that he never received any type of written warning, notification, or discipline in regard to this matter, but instead was summarily terminated months after the incident. *Id.* ¶ 19. He further asserts that Caucasian employees have violated company policies and procedures and were only given written warnings. *Id.* ¶ 20.

## II. PROCEDURAL HISTORY

Plaintiff completed an Equal Employment Opportunity Commission ("EEOC") Questionnaire on July 18, 2018, and the EEOC issued a Right to Sue Notice on August 8, 2018. *Id.* ¶¶ 11, 13. Plaintiff filed his Complaint on October 17, 2018, listing the following two counts for unlawful employment discrimination: (1) race discrimination under the Title VII and (2) race discrimination under LAD. *Id.* ¶¶ 21-24. On November 9, 2018, Defendant filed the motion to dismiss, D.E. 4; which Plaintiff opposed, D.E. 7; and to which Defendant replied, D.E. 8.

---

[2] The Court draws the following facts from Plaintiffs' Complaint, which are taken as true for the purposes of the current motion. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).

The Court further notes that Plaintiff's opposition is less than three pages in length. D.E. 7. The first substantive page discusses the standard of review, which continues on the next page and cites to the *Conley* standard regarding notice pleadings. Opp. Br. 2-3. As to an analysis of the Complaint here, Plaintiff's opposition consists of the following, conclusory assertion: "Plaintiff's Complaint clearly alleges the claims made and provides Defendant with fair notice of Plaintiff's claim and grounds upon which it rests." *Id.* at 3. Plaintiff's opposition is, in short, inadequate at best.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permit a motion to dismiss when a complaint fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do

not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).[3]

## IV. DISCUSSION

Defendant argues that the Complaint fails to state a claim because it does not allege sufficient facts that could give rise to an inference of discrimination, thus requiring dismissal of the discrimination claims.[4] Def. Br. at 3-4. The Court agrees.

Title VII of the 1964 Civil Rights Act, "protects all employees of and applicants for employment with a covered employer, employment agency, labor organization, or training program against discrimination based on race, color, religion, sex, or national origin." *Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 323 (1980). Title VII and the LAD prohibit employers from wrongfully discriminating against their employees. *See* 42 U.S.C. § 2000e-2; N.J.S. § 10:5-12(a).

To state a prima facie case of discrimination under Title VII, a plaintiff must show the following:

> (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek

---

[3] As noted, Plaintiff argues that the standard for a motion to dismiss is simply "whether or not the Defendant is provided with a fair notice of the claims made." Opp. at 3. This standard was established by *Conley v. Gibson*, 355 U.S. 41 (1957), but has since been overruled by *Twombly* and *Iqbal*. The current standard, as articulated above in Section III, requires "a complaint [to] contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While Plaintiff is correct in that he does not need to prove a prima facie case in his Complaint, he must meet the standard established in *Twombly* that the "facts alleged must raise the right to relief above a speculative level." *DiTommaso v. Meds Co.*, 754 F. Supp. 2d 702, 705 (D.N.J. 2010). In other words, the "elements of the prima facie claim do not have to be proven, but merely must be plausible." *Id.*

[4] The Title VII and LAD claims are discussed together, as the "[a]nalysis of a claim made pursuant to the []LAD generally follows analysis of a Title VII claim." *Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 498 (3d Cir. 1999).

4

> out individuals with qualifications similar to the plaintiff's to fill the
> position.

*Small v. Rahway Bd. of Educ.*, 2018 WL 615677, at *3 (D.N.J. Jan. 26, 2018) (citing *Barrentine v. New Jersey Transit*, 44 F. Supp. 3d 530, 538 (D.N.J. 2014)).

"An actionable adverse employment action is 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different job responsibilities, or a decision causing a significant change in benefits.'" *Betts v. Summit Oaks Hosp.*, 687 F. App'x 206, 207 (3d Cir. 2017) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). One way to establish disparate treatment is for a plaintiff to show he or she was treated less favorably than a similarly situated employee who was not within a plaintiff's protected class. *See Doe v. C.A.R.S. Prot. Plus*, 527 F.3d 358, 366 (3d Cir. 2008).

Plaintiff plausibly pleads the first three elements. First, Plaintiff indicates that he is a member of a protected class. He is African American. Compl. ¶ 15. Second, he asserts that he was qualified for the position. He states that he "exhibited exemplary performance" during his employment. *Id.* at ¶ 17. Third, Plaintiff asserts that he suffered an adverse employment action – he was fired. *Id.* at ¶ 18.

That said, Plaintiff does not sufficiently plead the fourth element. Plaintiff does allege that "[o]ther Caucasian employees that have violated company policies and procedures were given written warnings and not summarily terminated." *Id.* ¶ 20. However, Plaintiff provides no additional information. Without more details, such as the qualifications/positions of the Caucasian employees and their alleged violations, the allegations are insufficient to give rise to an inference that Plaintiff was discriminated against based on his race. *See, e.g., Bray v. Schlumberger Tech. Corp.*, 2012 WL 1941855, at *5 (D.N.J. May 29, 2012) (finding Plaintiff's assertion that her

reassignment occurred under circumstances suggestive of discriminatory animus because managers of a protected class were replaced by managers of a non-protected class insufficient).

Additionally, and importantly, Plaintiff fails to provide evidence to support a finding that Defendant acted "under circumstances that raise an inference of discriminatory action." The fact that he is African American alone does not raise an inference of discriminatory animus. *See, e.g., Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003) (finding that the plaintiff's evidence of race discrimination consisting solely of his own assertion that he was not rehired because he is Native American insufficient). Plaintiff must establish "some causal nexus" between his membership in a protected class and his employer's decision to fire him. *See id.*

Because the Complaint does not contain sufficient factual allegations, it is dismissed without prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff is granted leave to file an amended complaint curing the deficiencies noted herein. If Plaintiff does not file an amended complaint within thirty (30) days, this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: July 17, 2019

                                                    **John Michael Vazquez, U.S.D.J.**